IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPFON WILSON          :          CIVIL ACTION

      VS.                :

THOMAS LAVAN            :          NO.  02-5018


RESPONDENT/COMMONWEALTH'S ANSWER
TO PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE M. FAITH ANGELL, UNITED STATES MAGISTRATE JUDGE:

      Respondent, the District Attorney of Montgomery County, Bruce L. Castor, Jr., by his Deputy District Attorney, Mary MacNeil Killinger, on whom has been served an order to file an answer in response to the Petition for Writ of Habeas Corpus of Stepfon Wilson, and to show cause why a Writ of Habeas Corpus should not issue as prayed for in the instant petition, respectfully answers the petition as follows:

      1.  Respondent denies each and every allegation of fact alleged by Petitioner except those facts specifically admitted herein.

      2.  Petitioner is currently incarcerated in the State Correctional Facility at Dallas, Pennsylvania, pursuant to a lawful judgment of sentence imposed in the Court of Common Pleas of Montgomery County, Criminal Division, at 2060-97.  (See Exhibit "A").

      3.  On February 18, 1997, the petitioner Stepfon Wilson was arrested by Montgomery County Detectives for the murder of Andre

Maurice Kent on February 5, 1997.  (Exhibit "B", probable cause statement).

    4.  A suppression hearing was held before the Honorable William R. Carpenter, Judge, on September 22, 1997 and September 23, 1997. Judge Carpenter filed an order denying suppression on September 23, 1997.  (See Exhibit "C".)

    5.  Petitioner was found guilty of murder in the second degree, 18 Pa. C.S.A. §2502(b), and attempted kidnapping, 18 Pa.C.S.A. §2901(a), on October 1, 1997 following a jury trial.

    6.  On November 24, 1997, the court imposed a life imprisonment sentence for the murder charge with a consecutive sentence of four (4) to twenty (20) years for attempted kidnapping. (See Exhibit "D".)

    7.  Trial counsel Robert Clewell represented Petitioner on direct appeal.  He raised the following issue:  Was pre-arrest counsel ineffective?

    8.  On November 12, 1999, the Superior Court of Pennsylvania, in a Memorandum Opinion, affirmed the judgment of sentence.  (See Exhibit "E".)

    9.  On February 28, 2000, Petitioner filed a pro se petition under the Pennsylvania <u>Post Conviction Relief Act</u>, 42 Pa. C.S.A. §9541 et sq. (See Exhibit "F".)

    10.  On March 6, 2000, the Public Defender of Montgomery County was appointed by Judge Carpenter to represent Petitioner.

11.  On May 5, 2000, Assistant Public Defender Jeanette Dickerson filed an Amended Post Conviction Relief Act petition.  (See Exhibit "G".)

12.  On June 5, 2000, Assistant Public Defender Dickerson filed a Supplement to the Amended Petition.  (See Exhibit "H".)

13.  A Post Conviction Relief Act hearing was scheduled for June 6, 2000.  Petitioner, however, withdrew his request for a hearing and asked the court to rule on his petitions based upon the court record and the briefs filed by Assistant Public Defender Dickerson and the Commonwealth.

14.  On June 22, 2000, the court denied the petition.  Petitioner appealed.  Assistant Public Defender Dickerson filed an appeal raising the following issues:  (See Exhibits "I" & "J".)

> I.  Trial counsel was ineffective for failing to preserve and raise on appeal the issue that it was error to permit the Commonwealth to amend the Bill of Information at time of trial from the charge of Kidnapping to Attempted Kidnapping.
>
> II.  Trial counsel was ineffective for failing to raise on appeal the issue that a mistrial should have been granted due to the prosecutor's continuous attempt to elicit inadmissible evidence from witness Krebs.

15.  On March 22, 2001, in a Memorandum Opinion, the Superior Court of Pennsylvania affirmed the Post Conviction Relief Act court.  (See Exhibit "K".)

16. On August 3, 2001, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal. (See Exhibit "L" & "N".)

17. On August 19, 2002, Petitioner filed an Application for Habeas Corpus Relief in the United States District Court for the Eastern District of Pennsylvania.

18. Petitioner has alleged ineffectiveness of counsel. He has not included any facts nor has he specified which counsel but instead has indicated the following: "see included briefs." Petitioner has included a single brief with his Petition, the Petition for Allowance of Appeal in the Supreme Court of Pennsylvania brief, which raised the same issues as raised in the Superior Court of Pennsylvania:

> I. Trial counsel was ineffective for failing to preserve and raise on appeal the issue that it was error to permit the Commonwealth to amend the Bill of Information at time of trial from the charge of Kidnapping to Attempted Kidnapping.
>
> II. Trial Counsel was ineffective for failing to raise on appeal the issue that a mistrial should have been granted due to the prosecutor's continuous attempt to elicit inadmissible evidence from witness Krebs.

19. The trial judge addressed both of these issues in his Opinion dated July 17, 2000 at pages 3 and 4. (See Exhibit "I".)

> Here, the Appellant has failed to establish that his trial counsel was ineffective. It is well established that a charge containing the same basic elements that arose from the same basis facts can properly be substituted on an

amended bill of information. See <u>Commonwealth v. Fuller</u>, 579 A.2d 879 (1990). At trial, the Commonwealth amended it's original Kidnapping Bill of Information to Attempted Kidnapping. In <u>Commonwealth v. Small</u>, our Supreme Court of Pennsylvania affirmed that trial court's decision allowing the Commonwealth to amend a Rape Bill of Information to Attempted Rape after the Rape charge was dismissed. Id. 741 A.2d 666, 681 (1999). Therefore, the Appellant has failed to raise a claim of arguable merit as it required. Further, the trial counsel's inaction was completely reasonable and supported by current case law. Thus, this claim is patently frivolous and should be dismissed.

. . .

Appellant next contends that trial counsel was ineffective for not requesting a mistrial based on prosecutorial misconduct. Specifically, that trial counsel did not allege the prosecutor continued a line of improper questioning to expert ballistics witness Leon Krebs. However, the same claim was raised in co-defendant Anthony Blocker's direct appeal, and later dismissed as patently frivolous. The Appellant now seeks to alter the Superior Court's previous resolution of this legal question. According to the Law of the Case Doctrine though, this claim is prohibited from reconsideration, and should be dismissed.

In <u>Commonwealth v. Blocker</u>, 736 A.3 (Pa.Super. 1998), a

Memorandum Opinion, the court stated at pages 5-7: (See Exhibit "M".)

Specically, the Commonwealth was precluded from eliciting testimony from the ballistics expert concerning his opinion the murder weapon was not inside the truck at the time it was fired. Appellant's defense was that he accidentally shot the victim while they were struggling for control of a shotgun inside the truck. Thus, the opinion of the Commonwealth's expert that the gun was

fired from outside the truck would have undermined this defense.

. . .

Appellant argues the prosecutor's persistence in this line of questioning caused defense counsel to have to make repeated objections which were sustained, creating the prejudicial impression that counsel was hiding incriminating evidence from the jury.  This challenge is premised on questions by the prosecutor, not on answers to the questions, for there was no prejudicial or inadmissible evidence elicited.  Although appellant couches his issue in those terms, what he really complains of is misconduct in the questions themselves.  Improper questioning can raise to a level demanding a mistrial, but we cannot find it did so here.
   While the prosecutor stubbornly dogged this area of inquiry, most of the objections were made and sustained on grounds they had been "asked and answered," not because they violated the exclusionary ruling.  This objection is based on redundancy, not on the content of the question or answer; "asked and answered" does not complain that the question is in violation of the court's ruling.  Rather then create an impression of hiding by the defense, the picture is more one of obstinance by a disappointed prosecutor.
   Those questions which were actually in derogation of the court's exclusionary ruling were few, none were answered, and no prejudicial information came in.  In this circumstance, wer cannot find the learned trial court abused its discretion in declining a mistrial invitation; therefore, appellant's claim fails.

The decision of the trial judge, as affirmed by the appellate courts of Pennsylvania, "did not result in a decision that was contrary to, or involved as unreasonable application of, clearly established federal law,

as determined by the Supreme Court of the United States." 28 U.S. CA §2254(d)(1).

20. The standard for ineffective assistance of counsel found in Strickland v. Washington, 466 U.S. 668 (1984), was adopted by Pennsylvania in Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987).

In Strickland v. Washington, the United States Supreme Court set forth a two-prong test that a petitioner must satisfy to establish ineffective assistance of counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Reese v. Fulcomer, 946 F.2d 247, 256 (3d Cir. 1991), cert. denied, 503 U.S. 988, 112 S. Ct.1679, 118 L.Ed.2d 398 (1992) (Strickland v. Washington, supra, In other words, a petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 688, 696, 104 S. Ct. at 2065, 2068. Strickland imposes a "highly demanding" standard upon a petitioner to prove the "gross incompetence" of counsel in order to secure relief. Kimmelman v.

Morrison, 477 U.S. 365, 382 (1986).  "Because counsel is afforded a wide range within which to make decisions without fear of judicial second-guessing,…it is only the rare claim of ineffectiveness that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance."  Buehl v. Vaughn, No.97-1241 (3d cir., filed January 20, 1999), slip op. At 8 (quoting United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989)).  The petitioner herein has not satisfied the Strickland standard with respect either allegation of ineffectiveness.

22.  Petitioner has exhausted the remedies available in the Court's of Pennsylvania.  28 U.S. Code §2254(B)(1). Post Conviction Relief Act counsel raised both issues in an amended petition and a supplemental amended petition.  All issues were resolved against petitioner's interests in the appellate courts.

23.  The judgment of the State Court is neither contrary to nor involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor is it based on an unreasonable determination of the facts in light of the evidence.  Terry Williams v. Taylor, U.S. 120 S.Ct. 1495, 146 L.Ed. 389 (2000), and Michael Wayne Williams v. Taylor, U.S. 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

> The Supreme Court in Williams interpreted the "contrary to" clause of this provision as follows: "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently

> than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Additionally, the Williams Court interpreted the "unreasonable application" clause as allowing "a federal habeas court (to) grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The Court further explained that under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.
>
> The "clearly established federal law" applicable to Stevens' claims of ineffective assistance of counsel is the familiar two-pronged test the Court articulated in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Stevens must first establish that Reardon's performance was constitutionally deficient by showing that his representation "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, Stevens must show that there is a "reasonable probability" that Reardon's deficient performance prejudiced his defense to the extent that counsel's mistakes and/or omissions may well have affected the outcome of the case against him. Id. at 694. The Supreme Court recently reconfirmed that counsel's failure to conduct an adequate investigation must be scrutinized under the Strickland test. See Bell v. Cone, 122 S.Ct. 1843, 1852 (2002) (subjecting counsel's failure to adduce mitigating evidence to the performance and prejudice components of Strickland).

Stevens v. Delaware Correctional Center, 2002 WL 1426533 PP 5-6 (3rd Cir. 2002).

The ineffectiveness claims were resolved under the strictures of Strickland v Washington, supra.

24. Petitioner is not entitled to relief.  It is well-established that the petitioner has the burden of proof to establish ineffectiveness.  United States ex rel. Johnson v. Johnson, 531 F.2d 169, 174 (3d Cir.), cert. denied, 425 U.S.997,96 S Ct.2214 (1976).

25.  A "writ of habeas corpus disturbing a state court judgment may issue only if it is found that a prisoner is in custody in violation of the Constitution or laws or treaties of the United States." Pulley v. Harris, 456 U.S. 37, 41, 104 S. Ct. 871, 79 L.Ed.2d. 29,35,(1984), on remand, 726 F.2d. 569 (9th Cir.) appeal after remand, 853 F.2d. 1546, opinion amended and superseded on denial of rehearing, 885 F.2d. 1354, cert. denied, 110 S.Ct.854, 107 L.Ed.2d.845; Harper v. Mauriewicz, 849 F.Supp.377,379 (E.D. Pa.1994);28 U.S.C.§12254(a).  Instantly, the petitioner's constitutional rights were in no way violated, all proceedings held against the petitioner were and have been proper, and the petitioner is lawfully confined pursuant to a valid judgment and order of a court of competent jurisdiction.  Thus, the petitioner is not entitled to federal habeas corpus relief.

25.  The claims raised in the habeas corpus petition were adjudicated on the merits in State Court proceedings and were decided against the petitioner.  Factual findings by the State Court are presumed to be correct and the petitioner has the burden of rebutting this

presumption by clear and convincing evidence.  28 U.S.C.§2254 (e)(1).  The petitioner has not met his burden.

26. In support of the respondent's answer to the petition for writ of habeas corpus, the following exhibits are attached hereto and incorporated by reference as if fully set forth herein:

- A. Docket Entries
- B. Probable Cause Statement
- C. Lower Court Suppression Order
- D. Lower Court Opinion dated March 20, 1998, Judge William R. Carpenter
- E. Superior Court of Pennsylvania Opinion dated November 12, 1999
- F. Pro se Post Conviction Relief Act petition dated February 28, 2000
- G. Amended Post Conviction Relief Act petition dated May 5, 2000
- H. Supplement to Amended petition dated June 5, 2000
- I. Lower Court Opinion dated July 17, 2000
- J. Brief for Appellant in the Superior Court of Pennsylvania
- K. Superior Court Opinion dated March 22, 2001
- L. Petitioner's Petition for Allowance of Appeal in the Supreme Court of Pennsylvania filed April 19, 2001
- M. Superior Court of Pennsylvania Opinion in Commonwealth v. Blocker dated December 30, 1998
- N. Order of the Supreme Court of Pennsylvania denying Petitioner's Petition for Allowance of Appeal

Wherefore, based upon the foregoing, the respondent respectfully requests that your Honorable Court deny the petitioner's petition for writ of habeas corpus.

RESPECTFULLY SUBMITTED:

_____
MARY MACNEIL KILLINGER
DEPUTY DISTRICT ATTORNEY
CHIEF, APPEALS DIVISION