IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPFON WILSON : CIVIL ACTION

VS. :

THOMAS LAVAN : NO. 02-5018

RESPONDENT/COMMONWEALTH'S
MEMORANDUM OF LAW

The relevant facts in this case are taken from the Opinion of the Honorable William R. Carpenter's Opinion dated March 20, 1998.

> On February 5, 1997, Andre Kent's lifeless body was discovered, sprawled over the curb, in a pool of blood, with a bullet hole through the neck. Appellant, Stepfon Wilson, and his brother, co-defendant Anthony Blocker, were charged with the murder, which ostensibly, resulted from a drug deal that turned sour. The appellant and co-defendant Blocker were jointly tried in front of a jury and on October 1, 1997, both Defendants were found guilty of second degree murder and attempted kidnapping. On November 24, 1997, this court sentenced the Appellant to life imprisonment for the murder charge. For the kidnapping charge, the Appellant was sentenced to four (4) to twenty (20) years imprisonment.

Commonwealth v. Stepfon Wilson, page 1.

On direct appeal from the judgment of sentence petitioner raised the single issue of the effectiveness of pre-arrest counsel. The Superior Court of Pennsylvania affirmed the judgment of sentence holding that since there is no right to counsel pre-arrest, the effectiveness of pre-

arrest counsel's "is not cognizable in this Commonwealth." Superior Court of Pennsylvania Opinion, November 12, 1999, at page 5.

Two issues were raised by counsel appointed to represent Petitioner during the Post Conviction Relief Act stage of the case: trial counsel's ineffectiveness for failing to raise these issues: the amendment of the kidnapping charge to attempted kidnapping, and prosecutorial misconduct. The Superior Court of Pennsylvania denied relief and the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal. Petitioner has raised the two ineffectiveness claims in his Petition for Writ of Habeas Corpus.

Petitioner has exhausted the claims raised in his petition 28 U.S.C. §2254(b)(1)(A). Both claims were adjudicated on the merits in state court proceedings that did not result in a decision that was contrary to, or involved as unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §2254(d).

This court must employ a "highly deferential standard for evaluating state court rulings." Lindh v. Murphy, 521 U.S. 320, 334 n. 7, 117 S.Ct. 2059, 2067, n. 7.
In order to succeed, Petitioner must demonstrate to this Court that Supreme Court precedent requires the contrary outcome; disagreement

with a reasonable state court interpretation of the applicable precedent is insufficient.  <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 888 (3d Cir. 1999)(en banc), certiorari denied sub nom, <u>Matteo v. Brennan</u>, 528 U.S. 824, 120 S.Cst. 73, 145 L.Ed.2d 62 (1999).  An interpretation may be incorrect but not "unreasonable."  <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir. 2001)(citing <u>Williams v. Taylor</u>, 529 U.S. 362, 409-10, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).  If the Court determines that the state decision was not "contrary to" the applicable body of Supreme Court law, either because the decision complies with the governing rule or because no such rule has been established, then the Court proceeds to the second step: analyzing whether the decision was based on an "unreasonable application" of Supreme Court precedent.  <u>Matteo</u> at 889.

In conducting the above analysis, the state court's factual findings are to be accorded a presumption of correctness, "which the petitioner can overcome only be clear and convincing evidence."  <u>Id</u>; see 28 U.S.C. §2254(e)(1).  This presumption applies to both state trial and appellate courts.  <u>Id</u>.  (internal citation omitted).

>    COUNSEL'S FAILURE TO RAISE ON APPEAL THE COURT'S
>    DECISION TO ALLOW THE COMMONWEALTH TO AMEND A
>    BILL OF INFORMATION FROM THE CHARGE OF KIDNAP-
>    PING TO ATTEMPTING KIDNAPPING.

This issue was addressed by the trial court in its Opinion of July 17, 2000, pages 3-4:

> The Post Conviction Relief Act mandates the
> standard for evaluating an ineffectiveness claim

> as whether the ineffectiveness of undermined the truth-determining process that no reliable adjudication of guilty or innocence could have taken place. 42 Pa.C.S.A. §9543(a)(2)(ii), Commonwealth v. Lantzy, 712 A.2d 288 (1998). In order to obtain relief the petitioner must show (1) there is arguable merit to the underlying claim; (2) counsel has no reasonable basis for their act or omission in question; and (3) there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. Commonwealth v. Lark, 698 A.2d 243 (1997). Further, counsel is presumed to be effective, and the petitioner carries the burden of establishing otherwise. Commonwealth v. Garnett, 613 A.2d 569 (1992).
>   Here, the Appellant has failed to establish that his trial counsel was ineffective. It is well established that a charge containing the same basic elements that arose from the same basic facts can properly be substituted on an amended bill of information. See Commonwealth v. Fuller, 579 A.2d 879 (1990). At trial, the Commonwealth amended it's original Kidnapping Bill of Information to Attempted Kidnapping. In Commonwealth v. Small, our Supreme Court of Pennsylvania affirmed that trial court's decision allowing the Commonwealth to amend a Rape Bill of Information to Attempted Rape after the Rape charge was dismissed. Id. 741 A.2d 666, 681 (1999). Therefore, the Appellant has failed to raise a claim of arguable merit as is required. Further, the trial counsel's inaction was completely reasonable and supported by current case law. Thus, this claim is patently frivolous and should be dismissed.

The Superior Court of Pennsylvania, in a Memorandum Opinion dated March 22, 2001, also relied on Commonwealth v. Small, supra, when it rejected this claim:

> Likewise, we find no abuse of discretion by the lower court in allowing the Commonwealth to amend the bill of information.  Rather, we find that appellant was well aware that the Commonwealth intended to pursue a charge of kidnapping and conclude that, by virtue of the original kidnapping charge, appellant was on notice that the Commonwealth intended to pursue a kidnapping related offense.  <u>Small</u>, <u>supra</u>.  Appellant was aware that the Commonwealth intended to prove that the victim was kidnapped before he was murdered.  The fact that the Commonwealth altered its charge from establishing that they took a substantial step toward completing it did not prejudice appellant such that defenses which might have been raised against the original charge were rendered ineffective.  Thus, finding no prejudice to appellant as a result of the amendment, we conclude that his claim lacks arguable merit and consequently deny his claim that counsel was ineffective for failing to argue the error on appeal.
>
> <u>Commonwealth v. Wilson</u>, page 7.

Pursuant to <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984), the Supreme Court of the United States has set forth the following test to evaluate the effectiveness of trial counsel:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was no functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both

>showings, it cannot be said that the conviction
>or death sentence resulted from a breakdown in
>the adversary process that renders the result
>unreliable.

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having a just result.  <u>Strickland</u>, 466 U.S. at 686.  In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.  <u>Strickland</u>, 466 U.S. at 688.  A fair assessment of attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and, to evaluate the conduct from counsel's perspective at the time.  <u>Strickland</u>, 466 U.S. at 689.

>Representation is an art, and an act or omission
>that is unprofessional in one case may be sound
>or even brilliant in another.  Even if a defendant
>shows that particular error of counsel were
>unreasonable, therefore, the defendant must
>show that they actually had an adverse effect on
>the defense.

<u>Strickland</u>, 446 U.S. at 693.

The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.

No such probability has been made out here.

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A MISTRIAL.

The trial court addresses this issue in its Opinion dated July 17, 2000 at page 4:

> Appellant next contends that trial counsel was ineffective for not requesting a mistrial based on prosecutorial misconduct. Specifically, that trial counsel did not allege the prosecutor continued a line of improper questioning to expert ballistics witness Leon Krebs. However, the same claim was raised in co-defendant Anthony Blocker's direct appeal, and later dismissed as patently frivolous. The Appellant now seeks to alter the Superior Courts previous resolution of this legal question. According to the Law of the Case Doctrine through, this claim is prohibited from reconsideration, and should be dismissed. See Commonwealth v. Blocker at Exhibit "M".

The issue was reviewed in the Superior Court of Pennsylvania Opinion dated March 22, 2001, at page 7-8.

> We find this claim lacks arguable merit. The standard of review when examining a claim of prosecutorial misconduct is well-settled. In Commonwealth v. Murphy, 540 Pa. 318, 657 A.2d 927 (1995), our Supreme Court stated that a claim of prosecutorial misconduct will constitute grounds for relief only when the unavoidable effect of the contested comments prejudices the jury, forming in their minds fixed bias and hostility to the defendant, so as to hinder objective weighing of evidence and impede rendering of a true verdict. Further, any allegedly improper comments are not evaluated in isolation but rather in the context in which they were made. Commonwealth v. Graham, 522 Pa. 116, 560 A.2d 129 (1989). It is within the trial court's discretion to determine whether a defendant has been prejudiced to the extent a new trial is warranted. Commonwealth v. Gibson, 547 Pa. 71, 688 A.2d 1152 (1997).

>Appellant alleges that the prosecutor posed a series of improper questions, attempting to elicit inadmissible information form an expert witness on ballistics. Following each attempt, appellant's trial counsel objected to the question posed and in each instance the trial court sustained the objection before the witness answered. Consequently, no inadmissible information was admitted. Further, the trial court admonished the prosecutor and indicated that no further attempts to elicit the inadmissible information would be tolerated. Therefore, we fail to see how appellant was prejudiced. Additionally, appellant fails to indicate how he was prejudiced. Instead, he baldly asserts that the harm suffered is obvious. We disagree and find that trial counsel and the lower court effectively prevented the prosecutor from eliciting any prejudicial information. Thus, finding that appellant suffered no harm as a result of the questions posed by the prosecutor, we conclude that his claim lacks arguable merit.

The state court decision that the trial court did not abuse its discretion in failing to declare a mistrial was not contrary to clearly established Supreme Court authority nor was it an unreasonable application of the facts. Therefore, Petitioner is not entitled to relief on this claim.

It is well-settled that a "writ of habeas corpus disturbing a state-court judgment may issue only if it is found that a prisoner is in custody in violation of the Constitution or laws or treaties of the United States." Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29, 35 (1984), on remand, 726 F.2d 569 (9th Cir.), appeal after remand, 853 F.2d 1546, opinion amended and superseded on denial of rehearing, 885 F.2d 1354, cert. denied, 110 S.Ct. 854, 107 L.Ed.2d 845; Harper v.

Mauriewicz, 849 F.Supp. 377, 379 (E.D. Pa. 1994); 28 U.S.C. §2254(a). The Commonwealth avers that the petitioner's constitutional rights were in no way violated, that all proceedings held against the petitioner were and have been proper, and that the Petitioner is lawfully confined pursuant to a valid judgment.

The Petitioner herein has not met his burden.  The claims raised instantly were adjudicated on the merits in State court proceedings and were decided against the petitioner.  Since the state courts' adjudication of these issues were neither contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, nor based on an unreasonable determination of the facts in light of the evidence, the petitioner's habeas petition should be denied.  See 28 U.S.C. §2254(d); Matteo v. Superintendent, SCI Albion, et al, supra.

WHEREFORE, the Commonwealth respectfully requests that this Honorable Court dismiss the Petition for Writ of Habeas Corpus filed by Stepfon Wilson.

RESPECTFULLY SUBMITTED,

_____
MARY MACNEIL KILLINGER
DEPUTY DISTRICT ATTORNEY
CHIEF, APPELLATE DIVISION