IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPFON WILSON [DL 6909] | : : : | CIVIL ACTION |
| v. | : : | |
| THOMAS LAVAN, et al. | : | NO. 02-5018 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                           August 7, 2003

    Presently before this court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated in the Pennsylvania State Correctional Institution at Dallas, where he is serving a life sentence for second degree murder, plus a consecutive four to twenty year sentence for attempted kidnaping. For the reasons which follow, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed without an evidentiary hearing.

### BACKGROUND[1]

    On October 1, 1997, following a jury trial before the Honorable William R. Carpenter of the Montgomery County Court of Common Pleas, Petitioner was convicted of murder in the second degree[2] and attempted kidnaping[3]. *See* State Court Record: March 20, 1998, Trial Court

---

[1] The facts in this discussion have been taken from Mr. Wilson's habeas petition and memorandum of law in support, the Commonwealth's response, and the state court records.

[2] 18 Pa. C.S.A. §2502(b)

[3] 18 Pa. C.S.A. §2901(a)

Opinion at p. 1.  The facts underlying Petitioner's convictions were described by the trial court as follows:

> On February 5, 1997, Andre Kent's lifeless body was discovered, sprawled over the curb, in a pool of blood, with a bullet hole through the neck.  Appellant, Stephon Wilson, and his brother, co-defendant Anthony Blocker, were charged with murder, which ostensibly, resulted in a drug deal turned sour.

*Id.*

On November 24, 1997, Judge Carpenter sentenced Petitioner to life imprisonment for murder, and four to twenty years for attempted kidnaping, with the sentences to be served consecutively.

Petitioner filed a direct appeal, asserting that his written and substantially verbatim oral statements and the fruits thereof should have been suppressed, as they were elicited in violation of his right to the effective assistance of pre-arrest counsel.  *See* State Court Record: Memorandum Opinion, Dkt. No. 205 PHL 1998.  The Superior Court of Pennsylvania affirmed the judgments of sentence on November 12, 1999.  *Id.*

Mr. Wilson did not seek discretionary review in the Pennsylvania Supreme Court.  *See* State Court Record: March 22, 2001 Superior Court Opinion at p. 2.

On February 28, 2000, Petitioner filed a timely *pro se* petition for relief under the Post Conviction Relief Act [PCRA], 42 Pa.C.S.A. § 9541, *et seq*.  In his PCRA petition, Mr. Wilson raised the following claims:

> 1. Trial counsel for petitioner was ineffective for failing to preserve and raise on appeal the issue that it was error to permit the Commonwealth to amend the Bill of Information at the time of trial from the charge of kidnaping to attempted kidnaping.
>
> 2. Trial counsel for petitioner was ineffective for failing to raise on appeal the issue that a mistrial should have been granted due to the prosecutor's continuous attempts to elicit

inadmissible evidence from witness Krebs.

Counsel was appointed to represent Petitioner, and an evidentiary hearing was scheduled. Petitioner subsequently withdrew his request for an evidentiary hearing and asked the PCRA Court decide the motion on the basis of the record and submitted briefs.

On July 17, 2000, the PCRA Court denied appellant's petition, concluding the issues raised were meritless. *See* State Court Record: July 17, 2000 PCRA Opinion at p. 6. The PCRA Court found, as to Mr. Wilson's first claim, "it is well established that a charge containing the same basic elements that arose from the same basic facts can properly be substituted on an amended bill of information". *Id.* at 3; *See also Commonwealth v. Fuller*, 579 A.2d 879 (Pa. 1990); *Commonwealth v. Small*, 741 A.2d 666, 681 (Pa. 1999). The PCRA Court also held that since the second claim was raised in co-defendant Blocker's direct appeal and dismissed as frivolous, it was prohibited from reconsideration. *See* State Court Record: July 17, 2000 PCRA Opinion at p. 4.

Following the initial denial of PCRA relief, petitioner appealed to the Superior Court of Pennsylvania. The Superior Court affirmed the PCRA Court in its opinion dated March 22, 2001. The Superior Court agreed with the conclusions of the PCRA Court relating to the trial counsel's failure to object to the amended bill of information. *See* State Court Record: March 22, 2001 Superior Court Opinion at p. 6. As to Mr. Wilson's second claim, the Superior Court denied his petition on the merits, finding that Mr. Wilson suffered no harm as a result of the questions posed by the prosecutor. *Id.* at 9.

Mr. Wilson filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. *Allocatur* was denied on August 3, 2001. *See* State Court Record: Supreme Court

of Pennsylvania Docket Entries.

On July 15, 2002, Petitioner signed and dated a habeas petition. It was filed in this court on July 22, 2002. *See* Habeas Petition [Docket Entry No. 1][4]. As grounds for relief, Petitioner raises the following issues:

> 1. Trial counsel for petitioner was ineffective for failing to preserve and raise on appeal the issue that it was error to permit the Commonwealth to amend the Bill of Information at the time of trial from the charge of kidnaping to attempted kidnaping.
>
> 2. Trial counsel for petitioner was ineffective for failing to raise on appeal the issue that a mistrial should have been granted due to the prosecutor's continuous attempts to elicit inadmissible evidence from witness Krebs.

The Respondents have filed an answer to Mr. Wilson's habeas petition, arguing that his claims are meritless. *See* Response to Habeas Petition [Docket Entry No. 9] at p. 11.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.

One of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. §2244(d)(1).[5]

---

[4] For the purposes of the Report and Recommendation, I will accept the earliest date, July 15, 2002, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3rd Cir. 1998).

[5] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occur latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment

In the instant case, Mr. Wilson's state conviction became final on December 12, 1999. This is the last date on which Petitioner could have filed a timely request for discretionary review in the Pennsylvania Supreme Court. *See* Pa. R.A.P. 903(a) (which provides a thirty day appeal period after entry of the order from which the appeal is taken).

The AEDPA amendments include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. §2244(d)(2).

Petitioner's one year statute of limitations began to run on December 13, 1999 and continued to run until February 28, 2000, when he filed his PCRA petition. By February 28, 2000, over two months of Petitioner's one year statutory period (78 days) had run. The statute of limitations period was tolled, for habeas purposes, while his state collateral attack in the PCRA forum was pending from February 28, 2000 through August 3, 2001.

On August 4, 2001, the remainder of Petitioner's statutory period (287 days) began to run, and expired on or about May 18, 2002. The instant habeas petition was not filed for over two months beyond the statutory deadline. It is untimely and, thus, not subject to habeas review.

§2244's one-year statute of limitations is subject to equitable tolling. However,

"[E]quitable tolling is proper only when the 'principles of equity would make

---

to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
　　There is nothing in the pleadings before me to suggest that the start date for the statute of limitations period should be permitted to run from a point later in time than the date on which Mr. Wilson's conviction became final.

> [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient."

*Brown v. Shannon*, No. 01-1308, 2003 WL 1215520 at *4 (3d Cir. March 17, 2003)(citations omitted).

Equitable tolling may be appropriate where: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

In the final analysis, federal review, on an equitable basis, of an untimely habeas petition is limited to the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id*.

Petitioner has not alleged, nor does the record before me support, a finding that the circumstances of this case present the "rare situation" which demands equitable tolling of the habeas statute. Therefore, Petitioner's untimely habeas petition is not subject to federal review.

## RECOMMENDATION

Consistent with the above discussion, it is recommended that Petitioner's habeas petition, filed under 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING.  It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE