IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPFON LORNE WILSON, | : | CIVIL ACTION |
| | : | NO. 02-5018 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS LAVAN, | : | |
| | : | |
| Respondent. | : | |

## ORDER

**AND NOW**, this **30th** day of **March, 2004,** upon

consideration of the Report and Recommendation of the Magistrate

Judge M. Faith Angell (doc. no. 12) and Petitioner's objections

thereto (doc. no. 13), the court will **NOT ADOPT** the Report and

Recommendation of the magistrate judge.

**IT IS FURTHER ORDERED** that the matter is **REMANDED** to

the magistrate judge for proceedings consistent with this order.[1]

---

[1]Magistrate Judge M. Faith Angell, in her Report and
Recommendation dated August 7th, 2003, recommended that the
petition for writ of habeas corpus be denied and dismissed
without an evidentiary hearing.  The magistrate judge found that
the petition for relief, pursuant to 28 U.S.C. § 2254, was filed
more than one year after the conviction became final and is,
therefore, time-barred by the Anti-Terrorism and Effective Death
Penalty Act, 28 U.S.C. § 2244.
    Petitioner's conviction became final on December 13, 1999,
thirty days after the entry of an order for which appeal could
have been taken.  On February 28, 2000, Petitioner timely filed a
pro se petition for relief under the Pennsylvania Post Conviction
Relief Act, 42 Pa. C.S.A. § 9541, et seq. (PCRA).  Petitioner
argued that counsel was ineffective for failing to object and
raise on appeal that the court committed error when it allowed
the Commonwealth to amend the Bill of Information from the charge
of kidnapping to the charge of attempted kidnapping.  Petitioner
further alleged that counsel was ineffective for failing to raise

**AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO,      J.**

_____

on appeal that a mistrial should have been granted because of prosecutorial misconduct.  Petitioner's motion for post-conviction relief was denied by the state courts.  Allocatur was denied by the Supreme Court of Pennsylvania on August 3rd 2001. Petitioner filed the instant writ of habeas corpus on July 15, 2002.

The magistrate judge addressed the AEDPA statute of limitations, but not Petitioner's substantive claims.  However, it does not appear that the Commonwealth raised the defense that Petitioner's claim was time-barred.  The Third Circuit has held that the AEDPA limitations period is subject to such equitable considerations as tolling and waiver.  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002).  Therefore, it is an affirmative defense which, if not timely raised, is waived.  The court should not sua sponte dismiss a petition on the ground that it is time-barred by 28 U.S.C. § 2244(d).  See Stewart v. Hendricks, 2003 U.S. App. LEXIS 14516, at ** 7 (3d Cir. July 18, 2003) (non-precedential).  In Stewart, like the instant case, the respondent never raised the limitations defense in any pleadings, and thereby waived the defense.  Id. at **8.  Similarly, in light of Robinson, a district court vacated its earlier order that adopted the report and recommendation of a magistrate judge in which the magistrate judge sua sponte raised the AEDPA limitations issue. U.S. v. Hudson, 2003 U.S. Dist. LEXIS 23721, slip op. at *5 (E.D. Pa. Jan. 2, 2004).

Because the Commonwealth failed to raise the limitations defense afforded by AEDPA, it has been waived.  The AEDPA statute of limitations defense should not have been raised sua sponte. Accordingly, the case is remanded to the magistrate judge to consider Petitioner's claims of ineffective assistance of counsel.