IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPFON LORNE WILSON [DL-6909] | : | CIVIL ACTION |
| v. | : | |
| THOMAS LAVAN, et al. | : | NO. 02-5018 |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

M. FAITH ANGELL                                                                                   August 20, 2004
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* Petition for a Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by state prisoner, Stepfon Wilson. Petitioner is currently incarcerated in the Pennsylvania State Correctional Institution in Dallas, Pennsylvania, where he is serving a life sentence for second degree murder, plus a consecutive four to twenty year sentence for attempted kidnaping. For reasons which follow, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed without an evidentiary hearing.

**BACKGROUND**[1]

Petitioner and his co-defendant, Anthony Blocker, were tried jointly and a jury found them guilty of second degree murder[2] and attempted kidnaping[3] on October 1, 1997, before the Honorable William R. Carpenter of the Montgomery County Court of Common Pleas.

---

[1] The facts in this discussion have been taken from Mr. Wilson's habeas petition, the Commonwealth's answer (with exhibits), the Commonwealth's memorandum of law, and the state court records.
[2] 18 Pa. C.S.A. §2502(b).
[3] 18 Pa. C.S.A. §2901(a).

The relevant underlying facts were set forth by the Superior Court as follows:

"The facts of this matter reveal that the victim, Andre Kent, was found dead on February 5, 1997, outside of his residence. It is undisputed that at the time Appellant [Stepfon Wilson] and his co-defendant [Anthony Blocker] sought legal counsel regarding this incident, neither individual was a suspect in the killing. After Appellant and Blocker spoke briefly with Mr. Michael Whitlow, Esquire, Whitlow contacted the Norristown Police Department. Upon Blocker's discussions with the police, he was arrested and charged in the murder of Kent. The police, at their request, met with Appellant regarding his involvement in the killing on February 10, 1997. Appellant, accompanied by Whitlow and advised of his constitutional rights at the time, gave an informal statement. Although inconsistencies were apparent in Appellant's statement, he did not make any changes in his statement and was free to leave. A few days later, Whitlow again accompanied Appellant to make his formal statement. After Appellant was administered his **Miranda** warnings, he gave his statement and when confronted again about inconsistencies in his statement, Appellant chose not to speak and left. Appellant was arrested for the murder on February 18, 1997."[4]

On November 24, 1997, the trial court sentenced the Petitioner to life imprisonment for the murder charge, plus a consecutive (4) to twenty (20) years imprisonment for the attempted kidnaping charge.[5]

Petitioner filed a direct appeal asserting that his oral and written statements were elicited in violation of his right to effective pre-arrest counsel[6].

In a November 12, 1999 Opinion, the Superior Court of Pennsylvania affirmed the judgments of sentence, holding that Petitioner had no right, under state law, to pre-arrest counsel.[7]

Petitioner did not seek discretionary review in the Pennsylvania Supreme Court.

---

[4] *See* Commonwealth's Answer: Exhibit "E" (November 12, 1999 Superior Court Opinion) at pp. 1-2.
[5] *Id*: Exhibit "D" (March 20, 1998 Trial Court Opinion) at p. 1.
[6] *See* Commonwealth's Answer: Exhibit "E" (November 12, 1999 Superior Court Opinion) at p. 2.
[7] *Id*. at p. 4.

On February 28, 2000, Petitioner filed a timely *pro se* petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §9541, *et seq*. In his PCRA petition, Mr. Wilson requested that the court find that he received ineffective assistance of trial counsel and grant him a new trial based on the following claims:

> (1) Trial counsel erred in allowing the Commonwealth to amend the Bill of Information at the time of trial from the charge of kidnaping to attempted kidnaping.
>
> (2) Trial counsel erred in not requesting a mistrial based upon prosecutorial misconduct, namely, the prosecutor's continued line of improper questioning to expert ballistics witness Leon Krebs.[8]

On July 17, 2000, the PCRA Court denied the Mr. Wilson's petition on the ground that the issues raised were without merit. The PCRA Court found, as to Petitioner's first claim, "it is well established that a charge containing the same basic elements that arose from the same basic facts can properly be substituted on an amended bill of information"[9] Because Petitioner's second claim was raised in co-defendant Blocker's direct appeal and dismissed as frivolous, the PCRA Court was prohibited from reconsideration of the issue under the Law of the Case Doctrine.[10]

Petitioner then appealed to the Superior Court of Pennsylvania. The Superior Court affirmed the PCRA Court's opinion on March 22, 2001. The Superior Court agreed with the conclusions of the PCRA Court relating to the trial counsel's failure to object to the amended bill of information.[11] As to the Petitioner's second claim, the Superior Court determined that defense counsel and the trial court effectively prevented the prosecutor from eliciting any prejudicial

---

[8] *See* Commonwealth's Answer: Exhibit "I" (July 17, 2000 PCRA Court Opinion) at pp. 2, 4.
[9] *Id.* at p. 3.
[10] *Id.* at. p. 4.
[11] *See* Commonwealth's Answer: Exhibit "K" (March 22, 2001 Superior Court Opinion) at pp. 6-7.

information. In the absence of any prejudice, the ineffective assistance of counsel claim was meritless.[12]

The Petitioner filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. The petition was denied on August 3, 2001.[13]

On July 15, 2002, the Petitioner signed and dated the instant habeas petition, which was filed on July 24, 2002.[14] In his habeas petition, Mr. Wilson raises the same two ineffective assistance of counsel issues which were presented on PCRA appeal.[15]

Respondents filed an answer to Petitioner's habeas petition, arguing that his claims are meritless.[16]

On August 8, 2003, this court issued a Report and Recommendation concluding that Petitioner's habeas petition should be denied and dismissed as time barred, as Mr. Wilson's habeas petition was filed more than one year after the Petitioner's conviction became final.[17]

By Order dated March 31, 2004, Judge Robreno declined to adopt the Report and Recommendation, on the basis that the Commonwealth's failure to raise the AEDPA limitations defense resulted in a waiver of the defense. Petitioner's case was remanded to this court to consider petitioner's claims of ineffective assistance of counsel on the merits.[18]

---

[12] *Id.* at pp. 8-9.
[13] *See* Commonwealth's Answer: Exhibit "N" (August 3, 2001 PA Supreme Court Order).
[14] Petition for Writ of Habeas Corpus [Docket No. 1].
[15] *Id.*: *Allocatur* Brief (attached) at pp. 7, 10.
[16] *See* Commonwealth's Answer at pp. 4-11.
[17] *See* Docket Entry No. 12.
[18] *See* Docket Entry No. 14.

## DISCUSSION

A. <u>Habeas Standards of Review</u>.

Mr. Wilson's habeas petition was filed after the effective date of AEDPA. The amended habeas standards apply to his habeas claims.

AEDPA precludes habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §2254(d)(Supp. 1998).

In interpreting the above language, the Third Circuit has discussed the appropriate degree of deference which AEDPA requires a federal habeas court to accord a state court's construction of federal constitutional issues and interpretation of Supreme Court precedent. *See Matteo v. Superintendent*, *SCI Albion*, 171 F.3d 877 (3d Cir.), *cert. denied*, 120 S.Ct. 73 (1999). The Third Circuit has held that under 28 U.S.C. §2254(d)(1), a two step inquiry is warranted. The majority agreed that:

> (1) The proper initial inquiry for the habeas court is whether the state court decision was "contrary to" Supreme Court precedent that governs the petitioner's claim. Relief is appropriate only when the petitioner shows that "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court."
> (2) In the absence of such a showing, the habeas court must then ask whether the state court decision represents an "unreasonable application of" Supreme Court precedent. This inquiry is an objective one, namely, "whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified."

*Matteo*, 171 F.3d at p. 891 (3d Cir. 1999).

The United States Supreme Court has set forth the scope of habeas review after AEDPA. *See Williams v. Taylor*, 120 S.Ct. 1495, 529 U.S. 362 (2000). According to the *Williams* majority:

> "We [the Supreme Court Justices] all agree that state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated. [. . . ] In sum, the [AEDPA] statute directs federal courts to attend every state-court judgment with utmost care, but it does not require them to defer to the opinion of every reasonable state-court judge on the content of federal law. If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody– or, as in this case, his sentence of death– violates the Constitution, that independent judgment should prevail."

*Williams*, 120 S.Ct. at p. 1511 (2000).

Under AEDPA, a federal reviewing court must presume that factual findings of state trial and appellate courts are correct. The presumption of correctness may only be overcome on the basis of clear and convincing evidence to the contrary. *See Stevens v. Delaware Correctional Center, et al.*, 295 F.3d 361, 368 (3d Cir. 2002).

**B. <u>Ineffective Assistance of Counsel Standard.</u>**

In order for a Petitioner to establish ineffective assistance of counsel under the federal *Strickland* standard, he must show: [1] that counsel's performance was "deficient" and [2] that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To demonstrate that counsel's performance was deficient, the Petitioner must show that counsel's representation fell below an objective standard of reasonableness based on the facts of the particular case, viewed as of the time of counsel's conduct. *Senk v. Zimmerman*, 886 F.2d 611, 615 (3d Cir. 1989) (*quoting, Strickland*, 466 U.S. at 688, 690(1984)), *cert. denied*, 493 U.S. 1035 (1990).

To establish prejudice, the Petitioner must demonstrate a reasonable probability that, but for unprofessional errors, the result would have been different. This standard is less strict than the "more likely than not" standard. *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992), *cert. denied*, 507 U.S. 954 (1993). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at p. 358 (*quoting, Strickland*, 466 U.S. at 694).

Because the United States Supreme Court has identified a rule which governs Petitioner's ineffective assistance of counsel claims, the *Strickland* standard "shape[s] the contours of an appropriate analysis of a claim of constitutional error to merit review of a state court's decision under section 2254(d)(1)'s 'contrary to' prong." *Matteo*, 171 F.3d at p. 886 (3d Cir. 1999).

On PCRA appeal, the Superior Court of Pennsylvania analyzed both of Mr. Wilson's ineffective assistance of counsel claims by applying the Pennsylvania standard. Under *Commonwealth v. Kimball*[19], in order to establish ineffective assistance of counsel, a petitioner is required to prove that: (1) there is merit to the underlying claim of ineffectiveness; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.[20]

The Third Circuit has determined that the Pennsylvania ineffective assistance of counsel standard does not contradict the federal *Strickland* standard. *See Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).

---

[19]  555 Pa. 299, 724 A.2d 326, 333 (1999).
[20]  *See* Commonwealth's Answer: Exhibit "K" (March 22, 2001 Superior Court Opinion) at pp. 3-4.

### C. The Superior Court's Rejection of Petitioner's First Ineffective Assistance of Counsel Claim Is Neither Contrary To, Nor An Unreasonable Application Of, Strickland.

Petitioner's first habeas claim is that the trial counsel was ineffective for failing to preserve and raise on appeal the issue that it was error to permit the Commonwealth to amend the Bill of Information at trial from the charge of kidnaping to attempted kidnaping.

In rejecting this claim, the Superior Court cited to Pa.R.Crim.P. 229.[21] The Superior Court noted that the purpose of Rule 229 is to insure that a defendant is fully apprized of the charges against him, and to avoid prejudice by prohibiting last minute additions of alleged criminal acts of which a defendant is uninformed. The test, under state law, is whether the amended provision alleges a different set of events, or its elements or defenses are materially different from the elements or defenses of the crime originally charged.[22]

In Petitioner's case, the Superior Court held that the trial court did not abuse its discretion in permitting the amendment from kidnaping to amended kidnaping because the original Bill of Information placed Petitioner on notice that the Commonwealth intended to pursue a kidnaping related offense. "The fact that the Commonwealth altered its charge from establishing that appellant [Petitioner] and his brother completed the kidnaping to establishing that they took a substantial step toward completing it did not prejudice appellant such that defenses which might have been raised against the original charge were rendered ineffective."[23]

---

[21] Pa.R.Crim.P. 229 provides:

> The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as necessary in the interests of justice.

[22] *See* Commonwealth's Answer: Exhibit "K" (March 22, 2001 Superior Court Opinion) at pp. 4-5.

[23] *Id.* at p. 7.

Because Petitioner had not established prejudice, the Superior Court determined that trial counsel could not be found ineffective for failing to argue the error on appeal.

Due process requires notice and an opportunity to respond. The United States Supreme Court has held that a Bill of Information satisfies due process when it contains the elements of the crime, permits the accused to plead and prepare an adequate defense, and allows the disposition to be used as a bar in a subsequent prosecution. *See Smith v. Vaughn*, CA No. 96-8482, 1997 WL 338851 at *6 (E.D.Pa. June 17, 1997)(*citing, Hamling v. United States,* 418 U.S. 87, 117 (1974)).

The Superior Court's determination that the Bill of Information amendment at issue did not violate state law is not subject to review in this forum. However, to the extent that Petitioner's Bill of Information challenge is inherently a due process issue,[24] and is properly before this Court because Petitioner has raised the issue in the context of ineffective assistance of counsel, I find that the amendment from kidnaping to attempted kidnaping did not prejudice Petitioner and, therefore, did not violate due process concerns. The Superior Court's rejection of Petitioner's first ineffective assistance of counsel claim, on the basis of a failure to show prejudice, is consistent with, and does not involve an unreasonable application of, *Strickland*. Thus, Petitioner is not entitled to habeas relief on his first claim.

**D. The Superior Court's Rejection of Petitioner's Second Ineffective Assistance of Counsel Claim Is Neither Contrary To, Nor An Unreasonable Application Of, Strickland.**

Petitioner's next claim is that trial counsel was ineffective for failing to raise on appeal the issue that a mistrial should have been granted due to the prosecutor's misconduct in attempting to elicit inadmissible evidence from ballistics expert Leon E. Krebs.

---

[24] *See Smith v. Vaughn*, CA No. 96-8482, 1997 WL 338851 at *6 (E.D.Pa. June 17, 1997).

The Superior Court noted that to establish a claim of prosecutorial misconduct under Pennsylvania law, a defendant must show that the unavoidable effect of the contested comments, viewed in the context in which they were made, prejudices the jury, forming in their minds fixed bias and hostility to the defendant, so as to hinder objective weighing of evidence and impede rendering of a true verdict.[25]

In Petitioner's case, the alleged improper comments were a series of questions posed to the ballistics expert. After each question defense counsel objected, and the trial court sustained the objection, before any inadmissible information was admitted. In addition, the trial court admonished the prosecutor and indicated that no further attempts to elicit the inadmissible information would be tolerated. Under these circumstances, the Superior Court found no prejudice to Petitioner, and determined that trial counsel was not ineffective for failing to request a mistrial.[26]

It is well settled that a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments alone. *Kindler v. Horn*, 291 F.Supp.2d 323 (E.D.Pa., 2003)(*citing United States v. Young*, 470 U.S. 1, 11, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985)). The appropriate standard of review on habeas corpus of a claim of prosecutorial misconduct is the narrow one of due process and not the broad exercise of supervisory power. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L.Ed.2d 144 (1986).

The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Id.*, *citing Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). S*ee also Keller v. Larkins*, 251 F.3d 408 (3d Cir.), *cert. denied*, 534 U.S. 973 (2001). Accordingly, the Supreme Court has

---

[25] *See* Commonwealth's Answer: Exhibit "K" (March 22, 2001 Superior Court Opinion) at p. 8 (*citing, Commonwealth v. Graham*, 522 Pa. 116, 560 A.2d 129 (1989)).
[26] *Id.* at pp. 8-9.

instructed federal courts reviewing habeas claims brought by state prisoners which are premised upon prosecutorial misconduct to distinguish between ordinary trial error of a prosecutor and egregious misconduct that amounts to denying constitutional due process. *Peterkin v. Horn*, 176 F.Supp.2d 342, 362 (E.D.Pa., 2001).

The arguments of counsel must be judged in the context in which they were made, bearing in mind these arguments carry less weight with a jury than do instructions from the court. *Kindler,* 291 F.Supp.2d at 328 (*citing Boyde v. California*, 494 U.S. 370, 384, 110 S.Ct. 1190, 1200, 108 L.Ed.2d 316, 331-332 (1990)).

In Petitioner's case, at trial, the prosecutor attempted to elicit the ballistics expert's opinion as to where the murder weapon was at the time it was fired. Petitioner's defense was that he was inside the truck with the victim, and that he accidentally shot the victim when they were struggling over the gun. The Commonwealth sought to elicit testimony from Mr. Krebs that the murder weapon was outside of the truck when it was fired.[27]

The standard applied by the Superior Court is not contrary to federal law, and was objectively reasonable. Each time the prosecutor asked a question designed to elicit information about the location of the murder weapon when it was fired, the objection by defense counsel was sustained before Mr. Krebs answered.[28] When defense counsel complained that defendant was being placed in an awkward position by being forced to repeatedly object to improper questions, the trial court warned the prosecutor that if an inadmissible opinion was brought out, he would grant a mistrial. The trial court told the prosecutor that "it better stop immediately."[29]

---

[27] S*ee* Commonwealth's Answer: Exhibit "M" (December 30, 1998 Superior Court Opinion in co-defendant Block's case) at pp.5-7.
[28] *See* N.T. 9/29/97 at pp. 907-935.
[29] *Id.* at pp. 928-29.

Because the series of questions by the prosecutor did not elicit an inadmissible opinion by Mr. Krebs about the location of the murder weapon when it was used to shoot the victim, I find that the prosecutor's comments did not rise to the level of "so infect[ing] the trial with unfairness as to make the resulting conviction a denial of due process. The Superior Court's determination that Petitioner did not set forth a sufficient claim of ineffective assistance of counsel for failing to litigate the alleged misconduct by the prosecution is neither contrary to, nor an unreasonable application of, *Strickland*. Thus, Petitioner's second ineffective assistance of counsel claim does not warrant habeas relief.

## RECOMMENDATION

For reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AND EVIDENTIARY HEARING. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE