IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPFON LORNE WILSON, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO. 02-5018 |
| | : | |
| v. | : | |
| | : | |
| THOMAS LAVAN, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

**AND NOW**, this \_\_\_\_\_ day of **September, 2004,** upon consideration of the Supplemental Report and Recommendation of the Magistrate Judge M. Faith Angell (doc. no. 16) and Petitioner's objections thereto (doc. no. \_\_\_\_), the court will **ADOPT** the Report and Recommendation of the Magistrate Judge.[1]

---

[1] Before this court is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Court of Common Pleas of the Commonwealth of Pennsylvania for murder in the second degree, 18 Pa. C.S.A. § 2502(b), and attempted kidnapping, 18 Pa. C.S.A. § 2901(a). On November 24, 1997, Petitioner was sentenced to life imprisonment for the murder charge and a consecutive four to twenty years for the attempted kidnapping charge. Petitioner appealed this decision, seeking review of whether pre-arrest counsel was ineffective. On November 12, 1999, the Superior Court of Pennsylvania affirmed the judgement of sentence. Petitioner did not seek review in the Pennsylvania Supreme Court. Therefore, pursuant to Pa. R.A.P. 903(a), Petitioner's conviction became final on December 13, 1999, thirty days after the entry of an order for which appeal could have been taken. The decision became final on December 13th, rather than December 12th, because the 12th was a Sunday, a day on which an appeal could not have been filed. Pa. R. Civ. P. 106(b).
    On February 28, 2000, Petitioner timely filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S.A. § 9541, et seq. (PCRA). Petitioner argued that counsel was ineffective for failing to object and raise on

---

appeal that the court committed error when it allowed the Commonwealth to amend the Bill of Information from the charge of kidnapping to the charge of attempted kidnapping. Petitioner further alleged that counsel was ineffective for failing to raise on appeal that a mistrial should have been granted because of prosecutorial misconduct. Petitioner's motion for post-conviction relief was denied by the state courts. The PCRA court determined that "it is well established that a charge containing the same basic facts can properly be substituted on an amended bill of information." State Court Record: July 17, 2000, PCRA Opinion at p. 3. The PCRA court also determined that the second claim was adjudicated on direct review by Petitioner's co-defendant and dismissed as frivolous. Id. at p. 4. Therefore, Petitioner's counsel could not have been ineffective for failing to raise that claim. State remedies were exhausted as of August 3, 2001, the date on which <u>allocatur</u> was denied by the Supreme Court of Pennsylvania.

Petitioner's ineffective assistance of counsel claims lack merit. Pennsylvania's standard for determining ineffective assistance of counsel is the same as that enunciated by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Werts v. Vaughn</u>, 228 F.3d 178, 203 (3d Cir. 2000). A petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant. <u>Strickland</u>, 466 U.S. at 687-688. Prejudice requires a showing that, but for alleged deficiencies of counsel, the outcome of the case would have been different. <u>Hess v. Mazurkiewicz</u>, 135 F.3d 905, 909 (3d Cir. 1998).

Petitioner's claim that counsel was ineffective for failing to appeal the amendment of the bill of information from kidnapping to attempted kidnapping is without merit. Petitioner was put on notice that he would be required to defend against a kidnapping charge. The Pennsylvania Supreme Court has held that a trial court did not abuse its discretion when it allowed the prosecutor to amend the information to reflect a charge of attempted rape after the rape charge was dismissed. <u>Commonwealth v. Small</u>, 741 A.2d 666 (Pa. 1999). The Pennsylvania Supreme Court held that the defendant in <u>Small</u>, by virtue of the rape charge, was on notice that the prosecutor intended to pursue a sexual assault related offense. <u>Id.</u> at 681. The amendment in both <u>Small</u> and Petitioner's case changed the charge from the substantive offense to the attempt to commit the substantive offense. Given the Pennsylvania court's approval of this, Petitioner's counsel could not have been ineffective for failing to raise this issue. Other than the ineffective assistance of counsel, no constitutional claim is made in reference to the amendment of the information. Nor is there any indication that

**IT IS FURTHER ORDERED** that Petitioner's Objections to the Supplemental Report and Recommendations (doc. no. _____) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the and the petition for a writ of habeas corpus is **DENIED** and the case shall be marked **CLOSED**.

**AND IT IS SO ORDERED.**

_____

---

any of Petitioner's constitutional rights were violated by such a procedure.  The trial court had the discretion to allow the amendment of the information and the Pennsylvania PCRA courts held that the trial court did not abuse its discretion in allowing the amendment.  Therefore, counsel was not ineffective for failing to raise this claim, nor would there have been a different result had counsel raised it.  Therefore, this claim also fails under Strickland analysis.

Petitioner's claim that counsel was ineffective for failing to request a mistrial lacks merit.  His counsel objected to the questions that Petitioner claimed would have caused him prejudice and the court sustained those objections.  In light of these facts, there would be no grounds for granting a motion for mistrial. See, e.g., Blount v. U.S., -- F. Supp. 2d --, 2004 U.S. Dist. Lexis 15402 (E.D. Pa. 2004)(finding that a mistrial would not be warranted when "as a result of counsel's objections, the government was prevented from pursuing the allegedly offensive line of questioning" and the statements that were made, in light of the trial as a whole, did not warrant a mistrial).  Furthermore, the Pennsylvania PCRA court determined that this exact issue was raised in the appeal by Petitioner's co-defendant and found to be frivolous.  This indicates that counsel was not ineffective in failing to raise this claim.  Because the claim was found to be meritless, there was no prejudice in failing to assert this claim.

**EDUARDO C. ROBRENO,      J.**